**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HERMAN BARNES, JR.,

     Plaintiff - Appellant,

v.

R. WILEY; L. LEYBA; M. NAILEY;
and H. WATTS,

     Defendants - Appellees.

No. 06-1307
(D.C. No. 06-CV-00448-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

Petitioner-Appellant Herman Barnes Jr., a federal inmate appearing pro se,
appeals the district court's order and judgment dismissing his civil rights
complaint as frivolous. 28 U.S.C. § 1915(e)(2)(B). He asks that we reverse the
district court and reinstate his claim.

Mr. Barnes is an inmate at the United States Penitentiary, Administrative

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Maximum, in Florence, Colorado. After exhausting the Bureau of Prison's (BOP) grievance procedure, Mr. Barnes initiated this action by filing a pro se civil rights suit against various prison officials pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). He seeks monetary damages and injunctive relief.

Mr. Barnes alleges the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. He alleges that, as a side effect of his diabetes, he is required to urinate at least six times an hour. Because the toilet in his cell is timed to allow only two flushes per hour, Mr. Barnes alleges that he has been subjected to the smell of urine and feces between permitted flushes. His grievances were denied on the basis that no medical necessity required him to flush more than two times per hour and that such restrictions were designed to regulate water usage and save money by preventing flooding damage. R. Doc. 3 at 20, 22, 25.

A district court may dismiss a prisoner action if it determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if "'the claim [is] based on an indisputably meritless legal theory' or if it is founded on 'clearly baseless' factual contentions." Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). In this case, the district court concluded that Mr. Barnes's claim was indisputably meritless because he

failed to "allege that he has been deprived of any of life's necessities." R. Doc. 9 at 3. We review a district court's determination that an action is frivolous for an abuse of discretion, but to the extent that the determination is based on a legal conclusion, our review is de novo. Conkle v. Potter, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003).

To succeed on an Eighth Amendment claim based on the conditions of confinement, an inmate must allege facts to demonstrate the deprivation is "sufficiently serious" and that prison officials acted with "deliberate indifference to inmate health or safety." Fogle v. Pierson, 435 F.3d 1252, 1260 (10th Cir. 2006). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1994) (internal citation and quotation omitted). However, such a deprivation may include a condition that constitutes a serious risk of substantial harm. Helling v. McKinney, 509 U.S. 25, 33-35 (1993). Areas of basic human need include "shelter, sanitation, food, personal safety, medical care, and adequate clothing." Clemmons v. Bohannon, 956 F.2d 1523, 1527 (10th Cir. 1992); see also Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).

In this circuit, exposure to human waste has been deemed to be sufficiently serious to satisfy the objective component of an Eighth Amendment violation. Despain v. Uphoff, 264 F.3d 965, 974-75 (10th Cir. 2001); Shannon v. Graves,

- 3 -

257 F.3d 1164, 1168 (10th Cir. 2001); <u>McBride v. Deer</u>, 240 F.3d 1287, 1292 (10th Cir. 2001).  The cases generally have concerned the total denial of facilities or inoperative facilities resulting in physical exposure to human waste over a multi-day period. <u>See, e.g.</u>, <u>Despain</u>, 264 F.3d at 974-75; <u>McBride</u>, 240 F.3d at 1292.  This case is dissimilar.  Mr. Barnes is allowed to flush his toilet twice per hour.  That amounts to a maximum of forty-eight flushes per day, which the district court was well within its discretion to conclude is a sanitary condition.  Though Mr. Barnes complains that he is also being discriminated against because the two-flush-per hour rule does not apply to the warden, the staff, or other inmates in other federal prisons, we remain unpersuaded that its application to him constitutes cruel and unusual punishment or that he states an equal protection claim, even with liberal construction of the complaint.

We DENY Mr. Barnes's motion to proceed IFP and DISMISS this appeal.  We ORDER Mr. Barnes to immediately pay any unpaid costs and fees due this court.  Furthermore, Mr. Barnes is reminded of his continuing obligation to comply with the payment plan for his filing fee before the district court.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge