**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTY D. CONKLE,

        Plaintiff-Appellant,

v.

No. 03-6008

JOHN E. POTTER, Postmaster
General, United States Postal
Service Agency,

        Defendant-Appellee.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 01-CV-1826-L)**

---

Submitted on the briefs:

Christy D. Conkle, Pro Se.

Robert G. McCampbell, United States Attorney, H. Lee Schmidt, Assistant United
States Attorney, Oklahoma City, Oklahoma, for Defendant-Appellee.

---

Before **TYMKOVICH** , **HOLLOWAY** , and **ANDERSON** , Circuit Judges.

---

**TYMKOVICH** , Circuit Judge.

Plaintiff Christy D. Conkle, proceeding pro se, appeals the district court's order dismissing her amended complaints pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 12. [1] Our jurisdiction arises under 28 U.S.C. § 1291. Since we conclude she timely filed her complaint under 42 U.S.C. § 2000e-16(c), we reverse and remand for further proceedings. [2]

In her amended complaints, plaintiff asserted employment discrimination claims against the Postal Service under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, and the Rehabilitation Act of 1973, 29 U.S.C. § 794a. Although the allegations in plaintiff's amended complaints are confusing and difficult to understand, plaintiff appears to allege that the Postal Service discriminated against her by placing her on non-duty, and no-pay, status after she was injured on the job, and plaintiff appears to assert claims for both gender and disability discrimination.

The district court dismissed plaintiff's amended complaints after she failed to comply with the court's order directing her to submit a copy of the EEOC's

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] In her appellate briefs, plaintiff also claims the district court erred in denying her motion to transfer this case back to the district judge to whom the case was initially assigned. Plaintiff has failed to show an abuse of discretion with respect to the denial of her transfer motion, and we therefore affirm the district court's denial of the motion.

initial administrative decision affirming the Postal Service's dismissal of her discrimination claims. While some of the language in the district court's dismissal order seems to indicate that the court dismissed plaintiff's amended complaints as a sanction, *see* R., No. 21 at 3-4, in the dispositive paragraph in the order the court relied on a failure to state a claim analysis under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), *id.* at 5.[3] Thus, we review the order de novo.[4] *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (§ 1915(e)(2)(B)(ii) dismissal); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (Rule 12(b)(6) dismissal), *cert. denied*, 123 S. Ct. 1908 (2003).

As we interpret the district court's order, the court concluded that plaintiff failed to state a claim because she did not adequately demonstrate that she filed

---

[3]    Although the district court did not specifically reference Rule 12(b)(6) in its dismissal order, the court granted the Postal Service's motion to dismiss as part of its rulings in the order, and the Postal Service's motion was brought pursuant to Rule 12(b)(6). *See* R., No. 21 at 5, No. 14 at 1.

[4]    The district court also apparently dismissed plaintiff's claims as frivolous under § 1915(e)(2)(B)(i). *See* R., No. 21 at 5. This court reviews frivolousness dismissals for an abuse of discretion. *See McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997). As we understand the district court's dismissal order, however, the court's frivolousness determination, like its failure to state a claim determination, was based on its conclusion that plaintiff failed to adequately demonstrate that she filed her district court action in a timely manner, and this is a legal issue that we must review de novo. *See Skaggs v. Otis Elevator Co.*, 164 F.3d 511, 514 (10th Cir. 1998) (holding that a district court decision that is normally reviewed for an abuse of discretion will be reviewed de novo "[w]hen the district court's decision turns on an issue of law"). As a result, the district court's reliance on § 1915(e)(2)(B)(i) does not affect the standard of review for purposes of this appeal.

her district court action within ninety days of receiving her initial right to sue notice from the EEOC. *See* R., No. 21 at 4-5. With respect to this issue, the court found that plaintiff had submitted a copy of the EEOC's denial of her request for reconsideration along with her original and amended complaints. *Id.* at 1-2. The court also noted that plaintiff had filed her district court action within ninety days of receiving the EEOC's denial of her request for reconsideration. *Id.* at 3. However, after observing that "[i]t has been held that a request for reconsideration does not toll the 90 day statute of limitations provided in 42 U.S.C. § 2000e-5(f)(1)," the court concluded that the EEOC's denial of plaintiff's request for reconsideration was insufficient to show that she had filed her district court action in a timely manner. *Id.* at 4 (citing *McCray v. Correy Mfg. Co.*, 61 F.3d 224, 229 (3d Cir. 1995)).

We disagree with the district court's conclusion that plaintiff failed to adequately demonstrate that she filed her district court action in a timely manner. To begin with, 42 U.S.C. § 2000e-5(f)(1) applies to discrimination claims brought by *private sector* employees and is inapplicable to this case since plaintiff was a federal employee. For the same reason, the district court's reliance on the Third Circuit's decision in *McCray* is misplaced because *McCray* involved a discrimination claim brought by a private sector employee. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247 (3d Cir. 1999) (distinguishing *McCray* in

case involving discrimination claims brought by federal employee, and noting that *McCray* "did not consider the import of a federal employee's timely request for reconsideration, which is governed by a different set of federal regulations").

Because plaintiff was a federal employee, the timeliness issue in this case is governed by 42 U.S.C. § 2000e-16(c), and not by § 2000e-5(f)(1).  Under § 2000e-16(c), a federal employee must file a discrimination action in federal district court "[w]ithin 90 days of receipt of notice of final action taken by . . . the [EEOC]." [5]  42 U.S.C. § 2000e-16(c);  *see also*  29 U.S.C. § 794a(a)(1) (providing that the remedies, procedures, and rights set forth in § 2000e-16 apply to claims under the Rehabilitation Act).  A separate set of federal regulations governs discrimination actions brought by federal employees,  *see*  29 C.F.R. Part 1614, and those regulations provide that a federal employee who has filed an administrative appeal with the EEOC "is authorized . . . to file a civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the [EEOC's] final decision on an appeal."  29 C.F.R. § 1614.407(c) (1999).  The regulations further provide that "[a] decision [of the EEOC in an administrative appeal] is final within the meaning of Section 1614.407  *unless the [EEOC] reconsiders the case* .

---

[5]     While it is not a jurisdictional prerequisite to filing suit in federal district court, the ninety-day filing requirement "is a condition precedent to suit that functions like a statute of limitations."  *Million v. Frank* , 47 F.3d 385, 389 (10th Cir. 1995).

A party may request reconsideration within 30 days of receipt of a decision of the [EEOC] . . . ." 29 C.F.R. § 1614.405(b) (1999) (emphasis added).

In *Holley*, the Third Circuit addressed § 1614.405(b) and held that "[w]hen a reconsideration request is timely filed, the EEOC's decision on appeal becomes 'final' only when that request is granted or denied." *Holley*, 165 F.3d at 246 (citing 29 C.F.R. § 1614.405(b)(1) (1992)). [6] As the court explained, "a straightforward reading of the applicable regulations leads to the conclusion that a federal employee's timely filed request for reconsideration tolls the 90-day deadline for filing suit in federal court." *Id.* Thus, for Conkle the 90-day period in which she could file her civil suit began to accrue when she received the denial of her request for reconsideration from the EEOC.

Furthermore, there is no indication in the record before this court that plaintiff failed to file her request for reconsideration in a timely manner. To the contrary, the EEOC addressed the merits of the request, and it gave no indication that there was any timeliness problem. *See* Aplt. Br., Ex. T. Accordingly, based

---

[6] This case is governed by the version of 29 C.F.R. § 1614.405(b) that was enacted in 1999. In *Holley*, the Third Circuit was addressing the version of § 1614.405(b) that was enacted in 1992. However, for purposes of this case, the 1992 version of the regulation does not differ in any material respect from the 1999 version. *See* 29 C.F.R. § 1614.405(b)(1) (1992) (providing that "[a] decision [of the EEOC in an administrative appeal] is final . . . unless . . . [e]ither party files a timely request for reconsideration"). Consequently, *Holley* is persuasive authority for purposes of resolving the timeliness issue in this case.

on § 1614.405(b) and *Holley*, we hold that the district court erred as a matter of law when it determined that plaintiff failed to adequately demonstrate that she filed her district court action in a timely manner.

In its response brief, the Postal Service argues that this court can affirm the district court's dismissal of plaintiff's amended complaints on the alternative ground that the dismissal was a proper sanction under Fed. R. Civ. P. 41(b). The Postal Service claims the sanctionable conduct was plaintiff's failure to comply with the district court's order directing her to submit a copy of the EEOC's initial decision. We disagree.

Under Rule 41(b), the sanction of dismissal for failure to follow a court order "is within a court's discretion . . . if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quotation omitted).

> Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* (quotation omitted). In addition, "[b]ecause dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort," and it is appropriate "only in cases of willful

misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (quotations omitted).

Because the district court's dismissal order was not based on a sanction analysis, the court did not evaluate the required sanction factors on the record. In particular, the district court has not "carefully assess[ed]" whether some lesser sanction other than dismissal would have been more appropriate, as this court requires in cases involving pro se litigants. *Id.* at 920 n.3.

This court reviews a district court's decision to dismiss a case as a sanction for an abuse of discretion. *See Gripe*, 312 F.3d at 1188. Because such a decision regards "a matter committed to the district court's discretion," we may not affirm the imposition of a dismissal sanction based on an alternative legal rationale not relied on by the district court "unless we can say as a matter of law that it would have been an abuse of discretion for the trial court to rule otherwise." *Ashby v. McKenna*, 331 F.3d 1148, 1151 (10th Cir. 2003) (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)). Thus, to affirm the dismissal of plaintiff's amended complaints based on an alternative sanction analysis, we would need to conclude that it would have been an abuse of discretion for the district court *not* to dismiss plaintiff's amended complaints as a sanction for her failure to comply with the court's order regarding the initial EEOC decision. The district court's failure to analyze the *Gripe* factors leaves this Court with insufficient information

to conclude that the district court would have abused its discretion by not imposing a dismissal sanction. Thus, we cannot affirm on this alternate ground.

Finally, as set forth above, the district court did not rely on an analysis of the allegations underlying plaintiff's substantive claims when it dismissed the claims pursuant to § 1915(e)(2)(B)(ii) and Rule 12(b)(6). Likewise, we have not addressed the allegations underlying plaintiff's substantive claims. The district court is therefore free to determine on remand whether the allegations underlying plaintiff's substantive claims are sufficient to state a claim upon which relief can be granted.

The order entered by the district court on December 4, 2002 is REVERSED and this matter is REMANDED to the district court for further proceedings consistent with this opinion.