**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TIMOTHY LEE NIPPER, separately
and as trustee for the Proprietor
Property Trust,

      Defendant-Appellant,

   and

THOMAS EUGENE NIPPER, as
trustee for the Proprietor Property
Trust and as nominee of Timothy
Lee Nipper; MELLON MORTGAGE
COMPANY, as mortgagee,

      Defendants.

No. 03-5094
(D.C. No. 98-CV-526-EA)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **McKAY** , and **TYMKOVICH** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Timothy Lee Nipper appeals from two rulings of the district court in the underlying case brought by the United States to reduce tax assessments against appellant to judgment and set aside a real property conveyance so as to foreclose upon it. First, he challenges the district court's denial of his motion to strike all deposition testimony elicited from his former wife, Dawn Lynn Lang, as violative of the marital confidential communications privilege. Second, he challenges the district court's grant of summary judgment to the government. He argues that the government presented insufficient evidence to support its assessments for tax years 1981 through 1985. We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291.

We review the district court's ruling on the motion to strike Ms. Lang's deposition testimony for abuse of discretion, *see Lighton v. Univ. of Utah*, 209 F.3d 1213, 1227 (10th Cir. 2000). However, we review the district court's application of the law respecting the marital confidential communications privilege *de novo*. *See Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). We also review the grant of summary judgment *de novo*, applying the same standards as did the district court in determining whether the government provided the minimal evidentiary foundation required to support the tax assessments. *See Mann v. United States*, 204 F.3d 1012, 1015-16 (10th Cir. 2000); *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991). Having

carefully reviewed the record and the parties' briefs in light of these standards and the applicable law, we conclude that the district court's rulings were correct. For substantially the same reasons contained in the district court's orders, dated February 3, 2003, and March 25, 2003, the judgment of the district court is AFFIRMED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge