**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHY JOHN KENNEDY,

      Plaintiff-Appellant,

v.

OFFICER LAKE, Investigator for the
Colorado Department of Corrections,

      Defendant-Appellee.

No. 04-1551
(D.C. No. 04-CV-01753)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO,** and **MURPHY**, Circuit Judges.

Timothy John Kennedy, a prisoner proceeding pro se, appeals a district
court's order dismissing his 42 U.S.C. § 1983 action as frivolous and malicious
because it duplicated his claims in another civil case. We **GRANT** Kennedy's
petition to proceed in forma pauperis, **REVERSE** and **REMAND** for dismissal
for lack of jurisdiction.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R.
App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

The case arises out of an August 9, 2002 meeting between Kennedy and his attorney's investigator. He claims that his constitutional right to counsel was violated when prison officials refused to grant a contact visit with the investigator unless Kennedy allowed a prison officer to read his legal papers.

On July 29, 2004, Kennedy sent a complaint by certified mail to his attorney for filing in the District of Colorado. Shortly thereafter, Kennedy's phone privileges were revoked and he was not able to communicate with his attorney. As of August 4, Kennedy did not know whether his attorney had received the July 29 copy of his complaint, and facing an August 9, 2004 expiration of the statute of limitations on his § 1983 claim, sent an "updated" copy of the complaint to the court on August 4, 2004 with a letter stating that he was uncertain if his initial complaint had been filed. The letter explained that: "D.O.C. has made it very hard to file this § 1983 complaint. I sent my 1st draft to my family attorney for him to file on 7-29-04, as of 8-2-04 it still hasn't been mailed, 6 days later." The letter requested that the court file the attached complaint and asked that the court "please send any duplicate motions and check's [sic] back to me." The court had received both the first complaint and the "updated" complaint and treated the two filings as separate cases. The district court then dismissed this case as frivolously and maliciously filed because it was identical to Kennedy's original case.

We review a district court's determination that a suit is frivolous under § 1915(e)(2)(B)(I) for abuse of discretion. Conkle v. Potter, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). For the purposes of reviewing a dismissal under § 1915, we accept the complaint's allegations as true and consider all reasonable inferences therefrom in the light most favorable to the plaintiff. Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Because Kennedy is proceeding pro se, we interpret his complaint liberally. Id.

Dismissal of a case as frivolous creates a risk of sanction under the Prisoner Litigation Reform Act. Under the Act, a prisoner who files three or more suits dismissed as frivolous may no longer request the benefits of acting in forma pauperis. 28 U.S.C. § 1915(g). Once a prisoner has "three strikes" under the Act, he may be deterred from bringing a future case of merit. Thus, the sanction must be imposed only in appropriate cases. This is not such a case.

It is quite evident on our review of the record that the two complaints at issue relate to the same event, and that they are intended to be filed in the same proceeding. It is also evident that the Clerk of the District Court inadvertently filed the "updated" complaint as a new case when it instead should have been filed as part of the original proceeding. As a consequence, we see no support for the proposition that the second complaint was a frivolous and malicious filing.

Furthermore, because there never was a separate complaint to create a case or controversy, the district court did not have jurisdiction.

We **REVERSE** the district court's finding that the case was frivolous and malicious, and **REMAND** for dismissal for lack of jurisdiction. We direct that Kennedy's request to apply his filing fee to case 04-1706, his first complaint, be granted. Because we reverse the district court's finding that Kennedy's claim was frivolous, we need not address his claim that the district court erred in failing to respond to his motion under Fed. R. Civ. Pro. 59 and 60.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge