**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEROME VICTOR TRAFNY,

　　　　Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
UNITED STATES MARSHAL
SERVICE; RANDALL ANDERSON,
United States Marshal; WAYNE
DANCE, United States Attorney
General; CARLOS A. ESQUEDA,
Assistant United States Attorney;
MICHAEL SIBBETT, Chairman,
State of Utah Board of Pardons;
SCOTT CARVER, Executive Director,
Utah Department of Corrections;
MARK L SHURTLEFF, Attorney
General of the State of Utah; SHAREL
S. REBER, Assistant Attorney General
of the State of Utah,

　　　　Defendants-Appellees.

No. 07-4217
(D.C. No. 2:06-CV-578-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

[*]　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.

---

Petitioner-Appellant Jerome Victor Trafny appeals from an order of the district court dismissing his pro se civil rights complaint. The district court determined that one of his claims was frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i), and that the remaining claims failed to state a claim, *see id.* § 1915(e)(2)(B)(ii). We affirm the order of dismissal.

## BACKGROUND

In 1988, Mr. Trafny was convicted in the Utah state courts of one count of rape and was sentenced to a prison term of five years to life. On February 18, 2004, while he was serving his state sentence, a federal grand jury returned an indictment against him for bank robbery. A detainer was lodged against him, and a writ of habeas corpus *ad prosequendum* was issued on February 20.

On March 1, Mr. Trafny was taken into custody by the United States Marshals and appeared before a federal judge to answer the bank robbery charge. He pleaded guilty on April 5 and was sentenced on July 8 to 151 months' imprisonment (later reduced to 63 months). He was then returned to state prison on July 9, 2004.

On October 5, 2004, the Utah Board of Pardons and Parole granted Mr. Trafny parole on his state sentence and transferred him to the custody of the United States Bureau of Prisons to begin serving his federal sentence. The Utah

Attorney General's Office notified him that the time he spent in federal custody would not count toward his Utah state sentence, and that following the expiration of his federal sentence he would serve a probationary period remaining on his state sentence. He subsequently filed this civil rights action, asserting that the defendants had deprived him of due process by failing to grant him a hearing before he was transferred to federal custody and by failing to inform him of his right to petition the Governor of Utah to disapprove the United States' request for custody. He further argued that his federal and state sentences should be vacated because the alleged unlawfulness of the transfers had rendered the sentences invalid. The district court determined that his claim concerning a pre-transfer hearing was frivolous, and that his remaining claims failed to state a claim for relief.

## ANALYSIS

The district court disposed of this case under 28 U.S.C. § 1915(e)(2), which provides that the court shall dismiss a proceeding filed in forma pauperis at any time "if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted[.]" We review de novo the district court's dismissal of an in forma pauperis complaint under § 1915(e)(2)(B)(ii) for failure to state a claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). We generally review the district court's decision to dismiss claims as frivolous under § 1915(e)(2)(B)(i) for an abuse of discretion.

*See Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). If the dismissal turns on a question of law, however, we will review that determination de novo. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).

On appeal, Mr. Trafny raises three issues: (1) whether the Interstate Agreement on Detainers (IAD), 18 U.S.C. App. 2, §§ 1-9, entitled him to exercise his "pre-existing rights" to challenge his transfer to federal custody, including obtaining a pre-transfer hearing under Utah's version of the Uniform Criminal Extradition Act; (2) whether the defendants deprived him of due process by failing to inform him of his alleged right under the IAD to petition the Utah State Governor to disapprove the United States' request for custody; and (3) whether the State of Utah was required to terminate his state sentence before surrendering custody to the United States, such that the remainder of his state sentence should therefore be dismissed.

## 1. Pre-Transfer Hearing

Mr. Trafny contends that the defendants deprived him of his right under Utah state law to a pre-transfer hearing before he was taken into federal custody on a writ of habeas corpus *ad prosequendum* and subjected to federal proceedings. Under Utah's version of the Uniform Criminal Extradition Act (UCEA), a person subject to extradition to another jurisdiction

> shall first be taken forthwith before a judge of a court of record in
> this state who shall inform him of the demand made for his surrender
> and of the crime with which he is charged and that he has the right to

demand and procure legal counsel and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus.

Utah Code Ann. § 77-30-10.

This statute creates no right, however, where the receiving jurisdiction is the United States. The definitions section of Utah's UCEA provides that "[t]he term 'state,' referring to a state other than this state, includes *any other state or territory*, organized or unorganized, *of the United States of America*." *Id.* § 77-30-1 (emphasis added). Thus, unlike the IAD, which includes the United States within its definition of a "state," the protections of Utah's UCEA only apply to transfers between actual states of the Union. Mr. Trafny cites no authority to the contrary.[1]

## 2. Right to Petition Utah Governor

Mr. Trafny contends that the defendants denied him due process and violated the IAD by failing to inform him of his right to a thirty-day period before transportation to permit him to petition Utah's governor to disapprove the United States' writ. Article IV(a) of the IAD provides that once the request for custody has been transmitted,

---

[1]     The district court found this issue to be frivolous. While we do not necessarily agree with this characterization, we do agree that it fails to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

there shall be a period of thirty days after receipt by the appropriate authorities before the request be honored, within which period the Governor of the sending State may disapprove the request for temporary custody or availability, either on his own motion or upon motion of the prisoner.

18 U.S.C. App. 2, § 2, Art. IV(a).

It is clear that when a court issues a writ of habeas corpus *ad prosequendum* after a federal prosecutor has lodged a detainer with a "sending" state, the writ is treated as a request for custody under the IAD. *United States v. Mauro*, 436 U.S. 340, 361-62 (1978). The question is whether such a federal writ also triggers the thirty-day waiting period for the potential exercise of the gubernatorial veto power. We hold that it does not.

The passage of Article IV(a) of the IAD did not expand the authority of a sending state to dishonor an *ad prosequendum* writ issued by a federal court. *Id.* at 363. States have never had such authority. The Supremacy Clause states that the laws of the United States "shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby." United States Const., Art. VI, cl. 2. The pertinent United States law here is the federal habeas statute, which provides that federal habeas jurisdiction is available when "[i]t is necessary to bring [a prisoner] into [federal] court to testify or for trial." 28 U.S.C. § 2241(c)(5); *see United States v. Kenaan*, 557 F.2d 912, 916 n.8 (1st Cir. 1977) (stating "[i]t appears that no state has ever refused to honor the writ" when prisoner's presence was sought under § 2241(c)(5)); *see also United States v.*

*Graham*, 622 F.2d 57, 59 (3d Cir. 1980) ("[I]n enacting Article IV(a), Congress did not intend to confer on state governors the power to disobey writs issued by federal courts as 'written requests for custody' under the [I.A.D.]"); *United States v. Bryant*, 612 F.2d 799, 802 (4th Cir. 1979) ("While an individual state has authority to disapprove another state's request for custody, it does not have authority and is not empowered by the [I.A.D.] to reject a federal writ of habeas corpus ad prosequendum that serves as such a request.").  Mr. Trafny had no right to petition Utah's governor to reject the writ and hence no entitlement to a thirty-day period before transportation.

### 3.  Imposition of Remainder of State Sentence

Mr. Trafny argues that the state of Utah could only surrender him to federal custody if it waived or terminated the remainder of his probationary term before turning him over to federal authorities.  The district court rejected this claim because it attacked the execution of Mr. Trafny's sentence and could therefore not be brought as a § 1983 claim unless that sentence had previously been invalidated in a habeas proceeding.  This is entirely correct.  *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

## CONCLUSION

The order of the district court dismissing Mr. Trafny's complaint is AFFIRMED.[2] We grant his motion to proceed in forma pauperis, and remind him that he is obligated to continue making partial payments until the entire fee has been paid. Finally, we deny his "Motion for Order to Show Cause Why Criminal Case Should Not be Dismissed."

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[2] We note that Mr. Trafny is no stranger to this court, having pursued a number of unsuccessful appeals, including two successive 28 U.S.C. § 2255 motions. Since we uphold the district court's order dismissing his civil rights complaint for failure to state a claim, the district court's dismissal counts as a "strike" for purposes of the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915. *See generally Jennings v. Natrona County Detention Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).