FILED
United States Court of Appeals
Tenth Circuit

December 20, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN E. HOLLOWAY,

        Plaintiff - Appellant,

        v.

STEVE HARRIS IMPORTS;
ALBERTO GARCIA,

        Defendants - Appellees.

No. 16-4121

(D.C. No. 2:14-CV-00861-DB)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

_____

    [*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Steven E. Holloway appeals from an order of the United States District Court for the District of Utah. The district court dismissed Holloway's civil rights complaint pursuant to the provisions of 28 U.S.C. § 1915(e). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

Holloway filed a 42 U.S.C. § 1983 civil rights complaint in the District of Utah, which named as defendants various private entities and individuals. In response, the district court filed a "Memorandum Decision & Order to Cure Deficient Complaint." The district court's order identified numerous deficiencies in Holloway's complaint, specifically including: (1) the complaint brought civil-rights claims against parties that did not appear to be state actors, (2) the complaint did not affirmatively link any particular defendants to a violation of Holloway's civil rights, and (3) the complaint contained fantastical sounding claims that appeared frivolous. After Holloway filed an amended complaint, the matter was referred to a magistrate judge for initial screening and preparation of a report and recommendation. 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that Holloway's complaint be dismissed with prejudiced pursuant to the provisions of § 1915(e)(2)(B)(i) and (ii). In that regard, the magistrate judge noted as follows:

> [T]he Amended Complaint continues to bring civil-rights claims against commercial entities and individuals who are not state actors. The United States Constitution imposes limitations only on state action; it does not reach the conduct of private parties, no matter how discriminatory or harmful. The Defendants named herein are not

alleged to have acted under authority or color of law. . . . Plaintiff has not affirmatively linked Defendants to any violation of Plaintiff's civil rights. It is clear from the Complaint that Plaintiff believes he is entitled to money from Defendants, but what Plaintiff has not done is make clear exactly who is alleged to have done what to whom. . . . [F]inally, Plaintiff continues to have fantastical claims that appear frivolous.

Report & Recommendation at 3 (quotation and footnotes omitted). Upon de novo review, the district court adopted the magistrate judge's report and recommendation and dismissed Holloway's complaint with prejudice.

This court reviews de novo the district court dismissal of Holloway's complaint. *Conkle v. Potter*, 352 F.3d 1333, 1335 (10th Cir. 2003) (conducting de novo review of dismissal pursuant to § 1915(e)(2)(B)(ii)).[1] Upon de novo review, we affirm the district court for substantially those reasons set out in the magistrate judge's report and recommendation, dated June 7, 2016, and the district court's order, dated June 27, 2016. Accordingly, the order of the district court dismissing Holloway's complaint is hereby **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]We recognize that this court generally reviews for abuse of discretion the dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i). *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). Because, however, the district court's determination of frivolousness appears, at least in part, intertwined with its determination Holloway's complaint failed to state a claim, de novo review is appropriate in this case. *Id.* In any event, the resolution of this appeal does not turn in any way on the standard of review.