**FILED**
United States Court of Appeals
Tenth Circuit

**March 7, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

RYAN GALLAGHER, Rev. "Sasha,"

Plaintiff-Appellant,

v.

DRUG ENFORCEMENT
ADMINISTRATION; JAMES
ARNOLD; SUSAN A. GIBSON; and
DREW, Agent in Centennial Office,

Defendants-Appellees.

No. 18-1352
(D.C. No. 1:18-CV-01674-LTB)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

This appeal is brought by Rev. Ryan "Sasha" Gallagher, who

identifies himself as a Hindu Shaivite. Rev. Gallagher allegedly regards

marijuana as a religious sacrament, so he asked the Drug Enforcement

---

[*]    Oral argument would not materially aid our consideration of the
appeal, so we have decided the appeal based on the briefs. *See* Fed. R.
App. P. 34(a)(2); Tenth Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited as otherwise appropriate. *See* Fed.
R. App. P. 32.1(a) and Tenth Cir. R. 32.1(A).

Administration for an exemption allowing him to use marijuana. According to Rev. Gallagher, the DEA failed to timely respond but eventually asked for a meeting with him. Rev. Gallagher responded by suing, alleging that the delay violated his constitutional rights and that the DEA's request for a meeting constituted a subterfuge to force him to incriminate himself. The district court dismissed the action, concluding that the allegations in the complaint were frivolous and failed to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). We affirm.

On appeal, we apply a two-part standard based on the two different grounds for dismissal. For the dismissal based on frivolousness, we apply the abuse-of-discretion standard. *See Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003) ("This court reviews frivolousness dismissals for an abuse of discretion."). For the dismissal involving failure to state a claim on which relief can be granted, we apply de novo review. *See Perkins v. Kan. Dept. of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999) (holding that we apply de novo review to a dismissal under 28 U.S.C. § 1915 based on failure to state a claim on which relief can be granted).

In the complaint, Rev. Gallagher alleged that the DEA took too long to respond to his request for a religious exemption. The district court pointed out that Rev. Gallagher hadn't identified the drug he wanted to use or how it is used in his religion. Without such basic information, the district court concluded that Rev. Gallagher's claim was frivolous and did

2

not amount to a constitutional violation. In his appeal brief, Rev. Gallagher does not say how the district court erred in its analysis of this claim.

Rev. Gallagher also alleged in the complaint that the DEA was trying to force him to incriminate himself. For this allegation, the district court reasoned that Rev. Gallagher had not explained how arrangement of a meeting would violate his constitutional rights. In his appeal brief, Rev. Gallagher again fails to say how the district court erred in its consideration of this claim.

In his appeal brief, Rev. Gallagher adds allegations involving the "incorporation doctrine" and "bill of attainder." But he did not include these allegations in district court, so they are considered forfeited. *Carney v. Okla. Dep't of Pub. Safety*, 875 F.3d 1347, 1351–52 (10th Cir. 2017). And even here, Rev. Gallagher fails to explain (1) how his allegations would implicate the so-called "incorporation doctrine" or (2) how he was subjected to a bill of attainder.

For these reasons, the district court did not abuse its discretion in characterizing Rev. Gallagher's claims as frivolous. Nor did the court err in deciding that the complaint failed to state a claim on which relief can be granted.

Affirmed.[1]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1]     We grant Rev. Gallagher's motion for leave to proceed in forma pauperis.