FILED
United States Court of Appeals
Tenth Circuit

January 12, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

RONALD E. JOHNSON,

    Plaintiff - Appellant,

v.

WYANDOTTE COUNTY DISTRICT
COURT, and STATE OF KANSAS,

    Defendants - Appellees.

No. 23-3146
(D.C. No. 5:23-CV-03185-JWL)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Plaintiff Ronald Johnson, a Kansas state prisoner currently serving a life

sentence for murder, filed this pro se civil action purporting to challenge the

constitutionality of his sentence and effectively seeking a modification of that

sentence. The district court sua sponte dismissed the action as frivolous pursuant to

28 U.S.C. § 1915(e)(2)(B)(i). Johnson now appeals and seeks leave to proceed on

appeal in forma pauperis. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

affirm the judgment of the district court and deny Johnson's request to proceed on appeal in forma pauperis.

I

In order to set the stage for addressing Johnson's appeal, we begin by outlining his relevant criminal history. A jury in the District Court for Wyandotte County, Kansas, "convicted Johnson of first-degree premeditated murder for a murder committed in 2001." *State v. Johnson*, 486 P.3d 544, 545 (Kan. 2021) (*Johnson 2021*). "The district court judge, without jury findings, imposed a hard 50 life sentence after concluding any mitigating circumstances did not outweigh aggravating circumstances." *Id*. "Johnson appealed and challenged his sentence as unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000)." *Id*. The Kansas Supreme Court (KSC) "rejected his *Apprendi* argument and affirmed Johnson's conviction and sentence on direct appeal." *Id*. (citing *State v. Johnson*, 159 P.3d 161 (2007)).

"Johnson later filed several motions for" state habeas relief, but "[n]one led to any relief." *Id*. (citing cases).

In 2014, the KSC held in *State v. Soto*, 322 P.3d 334 (2014), that "the statutory procedure" in Kansas "for imposing a hard 50 sentence," set forth in Kan. Stat. Ann. § 21-4635, "violate[d] the Sixth Amendment because it permit[ted] a judge to find by a preponderance of the evidence the existence of one or more aggravating factors necessary to impose an increased mandatory minimum sentence, rather than requiring

a jury to find the existence of the aggravating factors beyond a reasonable doubt." 322 P.3d at 349.

In 2018, Johnson filed a motion seeking to have his sentence modified pursuant to Kan. Stat. Ann. § 21-6628(c).[1]  The gist of Johnson's motion was that "[a] judge, not a jury, found aggravating factors that served as the basis for increasing the minimum term of [his] life sentence[] from 25 years to . . . 50 years." *Johnson 2021*, 486 P.3d at 546.  Johnson argued that "his sentence should be vacated because the Sixth Amendment to the United States Constitution requires a jury determine these aggravating factors."  *Id*.  "The [state] district court denied relief" and Johnson appealed.  *Id*. at 545.

While the appeal was pending, the KSC "decided *State v. Coleman*, 472 P.3d 85 (2020)," holding that § 21-6628(c) "does not create a new avenue or independent means by which a convicted person can challenge his or her underlying sentence." *Johnson 2021*, 486 P.3d at 545.

The KSC decided Johnson's appeal in April 2021.  The KSC concluded that "the pivotal question in" Johnson's appeal was whether he could "obtain relief from

---

[1] Section 21-6628(c) provides as follows:
In the event the mandatory term of imprisonment or any provision of chapter 341 of the 1994 Session Laws of Kansas authorizing such mandatory term is held to be unconstitutional by the supreme court of Kansas or the United States supreme court, the court having jurisdiction over a person previously sentenced shall cause such person to be brought before the court and shall modify the sentence to require no mandatory term of imprisonment and shall sentence the defendant as otherwise provided by law.
Kan. Stat. Ann. § 21-6628(c).

3

his sentence given that it was final several years before [the] decision in *Soto* and the United States Supreme Court's decision in" *Alleyne v. United States*, 570 U.S. 99 (2013) (holding that any fact that increases the minimum sentence must be submitted to a jury and found beyond a reasonable doubt). *Johnson 2021*, 486 P.3d at 547. The KSC in turn noted that its "*Coleman* decision explored" and ultimately rejected "the potential ways a court could have jurisdiction to hear the claim of someone like Johnson or Coleman who seeks relief from the hard 40 or 50 minimum term of his or her life sentence." *Id*. Based upon its holding in *Coleman*, the KSC held that § 21-6628(c) "d[id] not require resentencing Johnson." *Id*. at 548. The KSC also, relatedly, rejected Johnson's argument "that he had a due process right . . . under the Fifth Amendment to the United States Constitution" to be resentenced under § 21-6628(c). *Id*. In sum, the KSC concluded: "There is no procedural mechanism by which a Kansas court may reconsider [Johnson's] sentence. *Alleyne* and *Soto* do not operate retroactively to afford a remedy. And K.S.A. 2020 Supp. 21-6628(c) does not apply." *Id*.

Johnson filed a petition for writ of certiorari with the United States Supreme Court. That was denied on February 22, 2022. *Johnson v. Kansas*, 142 S. Ct. 1142 (2022).

II

On July 27, 2023, Johnson initiated these federal proceedings by filing a pro se complaint in the district court. The caption of the complaint referenced Johnson's original Wyandotte County criminal case from 2001. The caption also stated:

4

"INVOKING: 28 USC § 2403 INSTRUCTION BY UNITED STATES OR A STATE; CONSTITUTIONAL QUESTION." ROA at 3. The complaint listed Johnson as the "(hostage/DEFENDANT)." *Id*. The complaint in turn listed as defendants the Wyandotte County District Court and the State of Kansas, and it referred to the State of Kansas as "hostage holder." *Id*.

The body of the complaint stated that Johnson, as "a friend of the Federal District Court," was "ask[ing]" the following "Constitutional Question":

> Once the Supreme Court of Kansas held is [sic] policy/provision statute K.S.A. 21-4635 to be a sixth amendment due process violation of the united states constitution, being the fact K.S.A. 21-4635 was administered and employed [sic] by the sua sponte responsibility of Wyandotte County, Kansas district court, as the Kansas hard 50 ACT, consisting of Chapter 341 of the 1994 session laws of Kansas, with K.S.A. 21-4635 being the first statute, of the sua sponte courts responsibility, making it K.S.A. 21-4635 et seq.
> ***
> Why is no remedial action been taken by the wyandotte county, Kansas district court, or, and various Kansas counties district courts who has sentenced prisoners under the unconstitutional K.S.A. 21-4635 from 1994 to 2013/2014 triggering the automatic sua sponte responsibility of wyandotte county Kansas district court case number 2001-CR-2150, as well as various similar situated prisoners sentenced under this unconstitutional Act K.S.A. 21-4635?

*Id*. at 4–5. In the "CONCLUSION" section of the complaint, Johnson asked the district court "to issue the 9 plus year awaited mandatory modification per contract K.S.A. 21-4639, now K.S.A. 21-6628(c), Awarding all the Court sees." *Id*. at 6.

On August 1, 2023, the district court issued a memorandum and order provisionally granting Johnson leave to proceed in forma pauperis, but "dismiss[ing] th[e] matter as frivolous" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Id*. at 8. In doing

so, the district court noted that Johnson's complaint was "merely [his] latest attempt to raise an issue that ha[d] already been addressed by" the district court. *Id*. at 11. The district court noted, in particular, that Johnson "ha[d] . . . asserted this same claim in a prior action brought pursuant to 42 U.S.C. § 1983." *Id*. at 12 (citing *Johnson v. Schmidt*, No. 20-3017-SAC (D. Kan.)). "In that case," the district court noted, Johnson "alleged that he was sentenced to a 'Hard 50' sentence under K.S.A. § 21-4635 et seq. on November 21, 2003, the [KSC] held § 21-4635 unconstitutional on April 11, 2014, and defendants failed to modify his sentence under the 'mandatory modification law'—K.S.A. § 21-6628(c)." *Id*. The district court noted that it advised Johnson in that case "that to the extent he" was seeking to "challenge[] the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus." *Id*. at 13. And the district court reiterated that "[w]hen the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983." *Id*. The district court also noted that "even if [Johnson] brought" his "claim in a habeas petition," it "would be denied" because the district court had "denied habeas relief for" identical claims brought by other Kansas state prisoners. *Id*. at 14. Lastly, the district court noted that both it and the Tenth Circuit had held, in disposing of Johnson's prior § 1983 action, that, under the *Rooker-Feldman* doctrine, "a federal court lacks jurisdiction to review a final state court judgment." *Id*. at 13. The district court concluded that Johnson's complaint was simply "another attempt to argue" the same claim that had previously "been rejected." *Id*. at 15.

6

Judgment was entered in the case on August 1, 2023.  Johnson filed a timely notice of appeal.  Johnson has since filed a motion for leave to proceed on appeal in forma pauperis.

III

We review the district court's dismissal of claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion.  *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).  If the frivolousness determination turns on an issue of law, our review is de novo.  *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003).

Section 1915 of Title 28, as its title indicates, addresses various aspects of "[p]roceedings in forma pauperis."  28 U.S.C. § 1915.  Of relevance here, § 1915(e)(2)(B)(i) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious."  *Id*. § 1915(e)(2)(B)(i).

It is well established that "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement.  He must seek federal habeas corpus relief (or appropriate state relief) instead."  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (internal quotation marks and citations omitted); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("A prisoner may use § 1983 to challenge the conditions of his confinement, but habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested

7

would result in the prisoner's immediate or speedier release from that confinement.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)).

Johnson's complaint, though styled as a civil action posing a constitutional question, at bottom seeks relief in the form of a reduction of the criminal sentence that Johnson is currently serving in the State of Kansas. As the district court correctly noted in this case, and previously held in a prior § 1983 case filed by Johnson, the only way that Johnson can seek such relief in federal court is to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We therefore agree with the district court that Johnson's complaint was subject to dismissal as frivolous pursuant to § 1915(e)(2)(B)(i).

IV

The judgment of the district court is AFFIRMED. Johnson's request to proceed on appeal in forma pauperis is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge