**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

HERBERT GRAYSON HAYES,

    Plaintiff - Appellant,

v.

JOHN DOE, JOHN DOE, JOHN DOE, and
JOHN DOE,

    Defendants - Appellees.

No. 23-1330
(D.C. No. 1:23-CV-01718-LTB-SBP)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.

_____

Herbert Hayes, a federal prisoner currently confined at the United States

Penitentiary in Florence, Colorado (USP Florence), filed this pro se civil rights action

against four unnamed employees of a federal prison in California where Hayes was

previously confined.  The district court granted Hayes leave to proceed in forma

pauperis, but later sua sponte dismissed Hayes's complaint as legally frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Hayes now appeals and seeks leave to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceed on appeal in forma pauperis.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court and deny Hayes's request to proceed on appeal in forma pauperis.

I

On June 21, 2023, Hayes initiated these federal proceedings by filing a pro se motion for appointment of counsel.  The magistrate judge denied that motion without prejudice, concluding that it was "premature because the case remain[ed] under initial review."  ECF No. 6.

On August 21, 2023, Hayes filed a motion for leave to proceed in forma pauperis, as well as a complaint seeking money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  The complaint listed four "John Does" as defendants, all in their official capacities; these defendants, according to the complaint, were employees at the United States Penitentiary in Victorville, California (USP Victorville).  The complaint alleged that on September 30, 2021, while Hayes was "preparing [him]self for [his] daily prayer in [his] cell," an unknown unit officer approached him and "patted [him] down outside of [his] cell."  ROA at 7.  After the search, Hayes entered his cell "to grab [his religious] books and prayer rug."  *Id*.  The unit officer allegedly "asked to see [Hayes's] religious books."  *Id*.  Hayes "told [the unit officer] respectfully that he wasn't in purification to touch [the] religious items."  *Id*.  Hayes then walked out of his cell, but allegedly dropped his "religious book" on the floor as he did so.  *Id*.  As Hayes reached down to pick up the book, the unit officer allegedly "reached around

2

[Hayes's] neck while [he] was bent over and placed [him] in a rear naked [sic] choke." *Id*. Hayes allegedly began to lose consciousness due to the choke hold, but nevertheless "reached down to pack [sic] up [a] weapon with his left hand . . . and swag [sic] in the air" but missed the unit officer and "his partner." *Id*. at 9. One of the two officers "then pepper spray[ed]" Hayes, and Hayes responded by running into his cell and "put[ting] water on [his] face." *Id*. Hayes alleges three to four unknown officers then ran into his cell and beat him until he was unconscious. Hayes was allegedly then "[t]ransported to the nearest hospital with severe injuries," including "brain trama [sic]," and "was given a cat scan at the hospital." *Id*.

"[A]fter leaving the hospital," Hayes allegedly returned to "a hold over cell" at USP Victorville and then, on September 30, 2021, "was transported to" the United States Penitentiary in Atwater, California (USP Atwater). *Id*. Hayes allegedly remained in a special housing unit cell at USP Atwater for over twelve months and, during at least some of that time, was allegedly deprived of an incident report relating to the incident that occurred at USP Victorville on September 30, 2021. Officials at USP Victorville also allegedly withheld and possibly "thr[e]w away" Hayes's "personal property and trial transcript." *Id*. at 8.

The complaint also alleged, albeit somewhat cryptically, that Hayes was charged with using a weapon to assault the two officers at USP Victorville and that, in doing so, prison officials relied on "false video footage." *Id*. at 9. In addition, the complaint alleged, without providing any detail, that Hayes was deprived "of the use of the law library and [an] item off commissary." *Id*. at 8.

3

In a section titled "REQUEST FOR RELIEF," the complaint requested compensatory and punitive damages. *Id*. at 11. The complaint also "request[ed] a[n] injunction challenging [Hayes's] transfer" to USP Florence because his "due process ha[d] been violated." *Id*.

The district court referred the case to the magistrate judge for initial proceedings, including a review of the complaint pursuant to 28 U.S.C. § 1915. On August 30, 2023, the magistrate judge issued an order recommending that Hayes's complaint be dismissed as legally frivolous. In the order, the magistrate judge concluded that "the *Bivens* claims lack[ed] merit" because such claims could not be brought against the defendants in their official capacities. *Id*. at 22. "Even construing" the complaint "liberally as asserting the constitutional claims against the John Doe Defendants in their individual capacities," the magistrate judge concluded that "the claims still should be dismissed because the District of Colorado [wa]s not the proper venue and any individual capacity *Bivens* claims [we]re not cognizable." *Id*. The magistrate judge explained that the claims "[we]re premised on events occurring in California" and, as such, "must be raised in the appropriate court in California." *Id*. The magistrate judge also noted that the claims asserted in the complaint "would require an expansion of *Bivens* beyond the three categories of claims recognized [by the Supreme Court] in *Bivens* [(addressing a Fourth Amendment unreasonable search and seizure claim)]," *Davis v. Passman*, 442 U.S. 228 (1979) (addressing a Fifth Amendment equal protection claim concerning gender discrimination), and *Carlson v. Green*, 446 U.S. 14 (1980) (addressing an Eighth

Amendment medical treatment claim). ROA at 24. Further, the magistrate judge noted that "the [Bureau of Prisons' (BOP's)] Administrative Remedy Program [wa]s an adequate alternative remedy for the claims . . . Hayes [wa]s attempting to plead." *Id*. at 24–25. As for Hayes's request for an injunction prohibiting his transfer to USP Florence, the magistrate judge concluded that Hayes's complaint did not "allege facts that demonstrate[d] that he ha[d] been deprived of life or property based on his transfer to and placement at" USP Florence. *Id*. at 25. The magistrate judge also concluded that "there [wa]s no indication that . . . Hayes' transfer to and placement at [USP Florence] ha[d] subjected him to atypical and significant hardship in relation to the ordinary incidents of prison life." *Id*. at 26. The magistrate judge therefore concluded that "Hayes' transfer to and placement at [USP Florence] d[id] not implicate a protected liberty interest." *Id*.

Hayes filed a written response to the magistrate judge's recommendation. The response essentially repeated the allegations in Hayes's complaint, while adding a few details that were not included in the complaint. Hayes's response did not, however, address the magistrate judge's reasons for recommending dismissal of the complaint.

On September 25, 2023, the district court issued an order accepting and adopting the magistrate judge's recommendation. The order dismissed Hayes's complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The order also denied Hayes "leave to proceed in forma pauperis on appeal . . . without prejudice to the filing of a motion seeking leave to proceed in forma pauperis on

appeal in the United States Court of Appeals for the Tenth Circuit." *Id*. at 40. Lastly, the order "certifie[d] pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from th[e] dismissal would not be taken in good faith." *Id*.

Final judgment was entered in the case on September 25, 2023. Hayes filed a timely notice of appeal and has since filed a motion with this court for leave to proceed on appeal in forma pauperis.

II

We review the district court's dismissal of claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). If the frivolousness determination turns on an issue of law, our review is de novo. *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003).

Section 1915 of Title 28, as its title indicates, addresses various aspects of "[p]roceedings in forma pauperis." 28 U.S.C. § 1915. Of relevance here, § 1915(e)(2)(B)(i) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." *Id*. § 1915(e)(2)(B)(i).

After reviewing the record on appeal, we agree with the magistrate judge and the district court that the claims alleged in Hayes's complaint are legally frivolous. To begin with, the complaint plainly alleged that the claims asserted therein were brought against the four defendants only in their official capacities. But, as the magistrate judge correctly noted, *Bivens* claims "can be brought only against federal

6

officials in their individual capacities," and "cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

Further, even if we were to liberally construe the complaint as asserting claims against the defendants in their individual capacities, the claims themselves are not cognizable under *Bivens*.[1]  In recent years, the Supreme Court has severely restricted the availability of *Bivens* claims.  *See Silva v. United States*, 45 F.4th 1134, 1138 (10th Cir. 2022) (outlining the history of *Bivens*, including its "creation, expansion, and restriction").  In particular, in *Egbert v. Rule*, 596 U.S. 482, 491 (2022), the Supreme Court "appeared to alter the two-step *Bivens* framework by stating that 'those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy.'"  *Silva*, 45 F.4th at 1139 (quoting *Egbert*, 596 U.S. at 492).  The Supreme Court also emphasized in *Egbert* "that a court may not fashion a *Bivens* remedy if Congress has already provided, or has authorized the Executive to provide, 'an alternative remedial structure.'"  *Egbert*, 596 U.S. at 493 (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 137 (2017)).  In *Silva*, this court held that the "key takeaway" from *Egbert* is "that courts may dispose of *Bivens* claims for 'two *independent* reasons: Congress is better

---

[1] This includes Hayes's challenge to his transfer from BOP facilities in California to USP Florence.  Although the magistrate judge treated this claim separately from Hayes's other claims, we have long treated federal prisoners' challenges to BOP transfer decisions as potential *Bivens* claims.  *E.g.*, *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs.'" 45 F.4th at 1141 (quoting *Egbert*, 596 U.S. at 494).

Notably, in *Silva* this court considered and rejected a *Bivens* claims asserted by another prisoner at USP Florence.  In doing so, this court "focus[ed] [its] analysis on the alternative remedial schemes available to" the plaintiff, i.e., the "BOP's Administrative Remedy Program." *Id*.  This court ultimately concluded "that the BOP Administrative Remedy Program is an adequate 'means through which allegedly unconstitutional actions . . . can be brought to the attention of BOP and prevented from recurring.'" *Id*. (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)).  This court therefore held that the plaintiff's "*Bivens* claim [wa]s foreclosed by the availability of the BOP Administrative Remedy Program to address his complaint." *Id*. at 1142.  We conclude that Hayes's *Bivens* claims are foreclosed for the very same reason.

### III

The judgment of the district court is AFFIRMED.  Hayes's motion to proceed on appeal in forma pauperis is DENIED.  Hayes is obligated to pay in full the filing fee for this appeal.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

8