FILED
United States Court of Appeals
Tenth Circuit

December 8, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

CENTRIX FINANCIAL LLC,

  Debtor.

_____

ROBERT E. SUTTON; 6762 S. POTOMAC LLC; CENTRIX CONSOLIDATED, LLC,

  Appellants,

v.

JEFFREY A. WEINMAN, as Trustee to the Centrix Liquidating Trust,

  Appellee.

No. 09-1266
(D.C. No. 1:08-CV-01130-PAB)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **LUCERO**, and **HOLMES**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Robert E. Sutton (Sutton), 6762 S. Potomac LLC (Potomac), and Centrix Consolidated, LLC (collectively Appellants), seek to appeal interlocutory and final orders, rulings, and decisions entered by the bankruptcy court in this proceeding. The district court dismissed their appeal as equitably moot. Exercising our jurisdiction pursuant to 28 U.S.C. § 158(d)(1), we REVERSE and REMAND this case to the district court for further proceedings consistent with this order and judgment.

*I.*

In this matter the bankruptcy court jointly administered Chapter 11 proceedings involving Centrix Financial LLC, and other affiliated companies (collectively the Debtors). Appellants were constituents of the Debtors' businesses related to underwriting and servicing sub-prime automobile loans. On May 16, 2008, over Sutton's and Potomac's objections, the bankruptcy court confirmed the liquidating Chapter 11 plan proposed by the Debtors and Creditors' Committee (the Plan). Appellants filed a notice of appeal to the district court on May 28, 2008. They did not seek a stay of execution of the Plan pending appeal.

In their district court appeal Appellants challenged several pre-confirmation orders by the bankruptcy court (1) denying Sutton and Potomac leave to conduct examinations under Fed. R. Bank. P. 2004, (2) approving the disclosure statement over Sutton's and Potomac's objections, (3) enjoining Sutton and Potomac from filing claims objections, and (4) estimating Sutton's and Potomac's administrative

-2-

claims at zero. They also appealed the bankruptcy court's confirmation of the Plan over Sutton's and Potomac's objections. In response to Appellants' opening brief, bankruptcy trustee Jeffrey A. Weinman (Trustee) filed a motion to dismiss the appeal. He argued that, following substantial consummation of the Plan, the relief Appellants' sought in their appeal was impractical and inequitable in light of the changed circumstances post-confirmation. Thus, he asked the court to dismiss the appeal as "equitably moot."

The district court initially denied the Trustee's motion without prejudice, stating that a hearing on the motion may be required after briefing on the merits was completed. After the close of briefing, the Trustee renewed his motion to dismiss the appeal and the district court granted it. Recognizing that this court had not yet adopted the doctrine of equitable mootness, the district court looked to a decision by this circuit's Bankruptcy Appellate Panel (BAP) that had applied it. *See In Re Milk Palace Dairy, LLC*, 327 B.R. 462, 468-69 (B.A.P. 10th Cir. 2005). The BAP cited cases from other circuits, including the Third Circuit's decision in *In re Continental Airlines*, 91 F.3d 553 (3rd Cir. 1996), setting forth different tests used to determine whether to grant a motion to dismiss an appeal as equitably moot. *See In Re Milk Palace Dairy*, 327 B.R. at 468 nn.18-22. The district court in this case proceeded to apply a five-part test derived from *In re Continental Airlines*, including the following factors: "[1] whether the reorganization plan has been substantially consummated; [2] whether a stay has

-3-

been obtained; [3] whether the relief requested would affect the rights of parties not before the Court; [4] whether the relief requested would affect the success of the plan; and [5] the public policy of affording finality to bankruptcy judgments." Aplt. App., Vol. 5 at 882; *see also In re Continental Airlines*, 91 F.3d at 560. The court ultimately concluded all five of these factors weighed strongly in favor of finding Appellants' appeal equitably moot. It therefore granted the Trustee's motion and dismissed the appeal on June 10, 2009. Appellants filed a timely notice of appeal to this court.

*II.*

Appellants contend first that the district court erred in adopting the doctrine of equitable mootness.[1] But in the event adoption of the doctrine is appropriate, they argue that the district court erred in applying the relevant criteria. Finally, they assert that this court should review de novo the district court's dismissal of their appeal as equitably moot.

On November 3, 2009, this court issued a decision resolving some of the questions at issue in this appeal. Our decision also raises new issues the district

---

[1]    Appellants initially argue that the district court erred in concluding it could not entertain their appeal by immunizing post-confirmation transactions consummated in reliance on the confirmed Plan. They characterize this as an issue independent of the equitable mootness analysis, but we agree with the district court that the issue is appropriately addressed in the context of whether the relief requested in the appeal would affect the rights of parties not before the court.

court in this case should address in the first instance.  In *Search Market Direct, Inc. v. Jubber (In re Paige)*, 584 F.3d 1327 (10th Cir. 2009), we formally adopted the equitable mootness doctrine, *id.* at 1337, and we concluded further that a district court's ultimate determination of equitable mootness should be reviewed for an abuse of discretion, *id.* at 1335.  In adopting the doctrine, we set forth a six-part test for determining whether an appeal is equitably moot:

> It seems that under the doctrine of equitable mootness a court should decline to hear an appeal of a bankruptcy court's decision where the answers to the following six questions indicate that reaching the merits would be unfair or impracticable:  (1) Has the appellant sought and/or obtained a stay pending appeal? (2) Has the appealed plan been substantially consummated? (3) Will the rights of innocent third parties be adversely affected by reversal of the confirmed plan? (4) Will the public-policy need for reliance on the confirmed bankruptcy plan—and the need for creditors generally to be able to rely on bankruptcy court decisions—be undermined by reversal of the plan? (5) If appellant's challenge were upheld, what would be the likely impact upon a successful reorganization of the debtor?  And (6) based upon a quick look at the merits of appellant's challenge to the plan, is appellant's challenge legally meritorious or equitably compelling?

*Id.* at 1339.  In reference to applying this test, we held "that the party inviting the court not to reach the merits of an appeal always carries the burden of showing that the answers to the six questions discussed above demonstrate that it would be unfair or impracticable to reverse the confirmed plan." *Id.* at 1340.[2]

---

[2]     We concluded in *Search Market Direct* that the district court erred by placing the burden on the appellant to establish that reversal of the confirmed plan would *not* adversely affect innocent third parties.  *See* 584 F.3d at 1343-44.

*III.*

Several of the factors in the test adopted in *Search Market Direct* are substantially similar to those applied by the district court in this case, yet our opinion provides further guidance on how these questions should be approached. Our six-part test also includes one additional question the district court did not consider, specifically whether Appellants' challenge to the Plan is legally meritorious or equitably compelling "based upon a quick look at the merits." *Id.* at 1339. Further, in applying its fifth factor, the district court considered whether the relief requested by Appellants would affect the success of the Plan, while our test requires a court to analyze the likely impact of an appellant's challenge to the plan upon a successful reorganization of the debtor. *See id.* at 1339, 1348.

In *Search Market Direct* we stated, "These six factors are not necessarily conclusive, nor will each factor always merit equal weight." *Id.* at 1339. It is now clear that dismissal of an appeal as equitably moot is a matter ultimately committed to the district court's discretion. This is not a case where we can affirm the district court's discretionary dismissal as a matter of law, on the basis "that it would have been an abuse of discretion for the district court *not* to dismiss [the appeal]." *Conkle v. Potter*, 352 F.3d 1333, 1337 (10th Cir. 2003) (remanding where district court had not evaluated factors relevant to exercise of discretion). Nor can we conclude as a matter of law that, applying the *Search Market Direct* six-factor test, the district court was constrained to deny the Trustee's motion.

-6-

Therefore, we conclude that a remand is appropriate in this case, to allow the district court to weigh and apply those factors in the first instance.

The district court's order dismissing the appeal is REVERSED and this matter is REMANDED to the district court for further proceedings consistent with this order and judgment.

Entered for the Court

Jerome A. Holmes
Circuit Judge