FILED
United States Court of Appeals
Tenth Circuit

July 13, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

PAULA NELSON,

          Plaintiff-Appellant,

v.

JEFFREY SKEHAN; CONNIE
TROUT; DAVID G. SKEHAN; JOHN
DOE # 1; BOULDER COUNTY
DRUG TASK FORCE; LAFAYETTE
POLICE DEPARTMENT; Lafayette
Police Chief PAUL SCHULTZ;
Detective NATHAN VASQUEZ;
Lafayette Police Officer JAMES
JOHNSON; Lafayette Police Sergeant
MASCHKA; Lafayette Police
Detective GARY THATCHER;
LAFAYETTE POLICE OFFICERS
JOHN DOES 3-8; Lafayette Police
Officer KEITH CHAGNON;
LAFAYETTE MUNICIPAL COURT;
ROGER BUCHHOLZ, Lafayette
Municipal Judge; RALPH
JOSEPHSON, Prosecutor for the City
of Lafayette; THE CITY OF
LAFAYETTE; GARY KLAPHAKE,
Administrator City of Lafayette;
CHRIS CAMERON, Mayor of the City
of Lafayette; DAVID WILLIAMSON,
Attorney for the City of Lafayette;
DAVID STRUNGIS, Mayor Pro Tem
City of Lafayette; KERRY
BENSMAN, Council Member - City of
Lafayette; ALEX SCHATZ, Council
Member - City of Lafayette; FRANK
PHILLIPS, Council Member - City of
Lafayette; CAROLYN CUTLER,

No. 10-1003
(D.C. No. 1:09-CV-01723-ZLW)
(D. Colo.)

Council Member - City of Lafayette;
JAY RUGGERI, Council Member -
City of Lafayette,

Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

Paula Nelson appeals pro se from a district court order that dismissed her civil-rights complaint for asserting claims that were frivolous or that failed to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss this appeal for substantially the same reasons identified by the district court.

## BACKGROUND

Nelson's second amended complaint asserts eight claims for relief that stem from an alleged theft of her personal property and an automobile accident she had with a bicycle. Specifically, she alleges that (1) Jeffrey Skehan and Connie Trout stole over $60,000 of her property; (2) David Skehan was an accessory to the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

theft; (3) various City of Lafayette police officers treated the theft as a civil domestic dispute rather than a criminal matter; (4) one of the officers was unfit for duty and was not properly supervised; (5) the City of Lafayette Police Department refused Nelson's subsequent requests to investigate the theft and failed to properly investigate her automobile accident; (6) the police officers sided with Jeffrey Skehan, possibly because he was a police informant; (7) the municipal judge and prosecutor in her motor-vehicle case denied her a fair trial and interfered with her appellate rights; (8) various City of Lafayette officials, including the mayor and city council members, failed to supervise the judge. Nelson sought relief under 42 U.S.C. §§ 1983 and 1985(3), as well as various state-law theories.

The district court granted her in forma pauperis status (IFP), reviewed the second amended complaint under 28 U.S.C. § 1915(e)(2)(B), and sua sponte dismissed it,[1] prompting Nelson to seek reconsideration. When that failed, Nelson appealed and moved the district court for leave to proceed on appeal in forma pauperis. The district court denied the motion, concluding that an appeal would not be in good faith.

Nelson now renews her IFP motion in this court, and in her opening brief reiterates the allegations of her complaint.

---

[1] Section 1915(e)(2)(B) requires a court to dismiss a case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

## I. Standards of Review

We review de novo a district court's § 1915(e)(2)(B) dismissal for failure to state a claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). But if a claim is dismissed as frivolous, we review for an abuse of discretion, unless "the district court's decision turns on an issue of law," in which case our review is de novo. *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003) (quotation omitted).

In determining whether the dismissal of Nelson's complaint was proper, "we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation omitted). In other words, the "factual allegations in a complaint must be enough to raise a right to relief above the speculative level." *Id.* (quotation omitted). And if a claim "lacks an arguable basis either in law or in fact," it is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Finally, while we construe Nelson's complaint liberally, it is not the proper function of a court to "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

After reviewing the record, Nelson's appellate brief, and the applicable law, we agree with the district court's decision to dismiss the complaint for substantially the same reasons given by the district court. Specifically, as the

-4-

district court noted, there are no plausible allegations identifying the theft

defendants as state actors, a necessary element of a § 1983 claim. *See Anderson*

*v. Suiters*, 499 F.3d 1228, 1232-33 (10th Cir. 2007). As for the claims against the

police officers based on their investigations and conclusions regarding the theft

and motor-vehicle accident, Nelson has not alleged a constitutional violation. In

short, Nelson has no constitutional right to have the Skehans and Trout

prosecuted. *See Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir.

1993). And to the extent Nelson's complaint targets municipal-entity defendants

like the Boulder County Drug Task Force and the City of Lafayette Police

Department, she has not alleged that her injuries were the result of a municipal

"government's policy or custom," so as to implicate municipal liability under

§ 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Further, based on Nelson's allegations, the municipal judge and prosecutor

in her motor-vehicle case were absolutely immune from suit. *See Stein v.*

*Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1190 (10th Cir. 2008).

Regarding her claims that various City of Lafayette government officials failed to

supervise the municipal judge, "there is no concept of strict supervisor liability

under § 1983." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (quotations

omitted). Rather, a supervisor must have personally participated in the

constitutional violation, or perhaps "had actual knowledge of the violation and

acquiesced in its continuance." *Id.* at 994-95.[2]  Nelson merely alleges that the defendant city officials ignored her email, warning that the judge was administering the court in violation of federal, state, and local laws.  But such "naked assertions devoid of further factual enhancement" are insufficient to state a claim for relief.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).  Nelson's claim that certain City of Lafayette police officers failed in their supervisory duties fails for the same reasons—there is no supervisory liability under § 1983 and there are no plausible allegations of acquiescence in a constitutional violation.

Finally, Nelson's § 1985(3) conspiracy claim fails because there are no allegations that any state-actor defendant harbored "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" toward her.  *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quotation omitted).

With no viable federal claims, the district court acted within its discretion by declining to exercise supplemental jurisdiction over Nelson's state-law claims. *See Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995) (stating that jurisdiction over supplemental state-law claims should be retained in the absence of a federal claim "in those cases in which, given the nature and

---

[2]     Whether the "acquiescence" component of supervisory liability has survived *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), is an open question in this Circuit.  *See Lewis v. Tripp*, 604 F.3d 1221, 1227 n.3 (10th Cir. 2010).

extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction" (quotation omitted)).

## CONCLUSION

For substantially the same reasons given by the district court in its November 24, 2009, dismissal order, we DISMISS this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B), and we DENY the motion to proceed IFP under § 1915(a)(1).  Nelson is responsible for the immediate payment of the unpaid balance of the appellate filing fee.

Entered for the Court


Wade Brorby
Senior Circuit Judge