**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MANUEL C. RICHARDSON,

　　　　Plaintiff - Appellant,

v.

DANIELS, Warden; JHONSON, Assistant
Warden; D. ALLRED, Clinical Director,
and unknown named officials;
MCDERMITT, Health Services
Administrator; S. JARDON,
Administrative Remedy Coordinator;
VANEK, Special Investigation Specialist,

　　　　Defendants - Appellees.

No.13-1223
(D.C. No. 1:13-CV-00151-LTB)
(D. Colo.)

**ORDER DISMISSING APPEAL,**
**IMPOSING STRIKES AND DENYING OTHER MOTIONS**

Before **HARTZ**, **O'BRIEN** and **GORSUCH**, Circuit Judges.

　　　　Manuel C. Richardson, a federal prisoner proceeding pro se, appeals from the

district judge's dismissal of his civil rights complaint. His appeal is frivolous; we dismiss

it and impose strikes.

### I. Background

　　　　Richardson filed a complaint under *Bivens v. Six Unknown Named Agents of the*

*Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging correctional officers, supervisors

and grievance officers violated his Eighth Amendment rights in connection with their response to a seizure he had while in his cell. His complaint makes several claims, but the gravamen of his claims is that federal corrections officers (1) injured him by dragging him out of his cell while he was in the midst of a seizure and (2) failed to provide appropriate medical care in response to the seizure.[1]

As Richardson proceeded *in forma pauperis* (*ifp*) in the district court, the district judge dismissed his complaint *sua sponte* under the supervisory authority in 28 U.S.C. § 1915(e)(2)(B)(i), which allows the dismissal of a "frivolous or malicious" action.[2] The judge reasoned that the dragging was not a cognizable violation of the Eighth Amendment because, according to the complaint, it did not exacerbate Richardson's conditions and otherwise failed to cause injury serious enough to implicate his Eighth Amendment rights. Also, the judge concluded, prison officials provided prompt medical attention for his seizure consistent with Eighth Amendment requirements. The judge

---

[1] He also alleges correction officials have attempted to cover-up their misconduct by improperly rejecting his requests for administrative remedies and further investigation. However, he has raised no significant argument related to the alleged cover-up on appeal. He mentions the issue in his brief, but he has waived the issue by failing to make any argument supported by pertinent authority to demonstrate an error in the district court's dismissal of this issue. Fed. R. App. P. 28(a)(8)(A) ("[T]he argument . . . must contain: (A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (brackets and quotation omitted); *see United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner . . . are waived.").

[2] Because of this disposition, the defendants did not file an answer.

further concluded the claims Richardson levied against supervisors and the grievance officer failed because, "without an underlying Eighth Amendment violation, there is no basis upon which to hold the supervisors and grievance officer liable." (R. at 177.)

In addition to dismissing Richardson's complaint, the judge denied him *ifp* status on appeal. He has reapplied in this Court.

## II.    Discussion

Richardson makes two arguments. First, he repeats his argument about prison officials' response to his seizure. He says two unknown corrections officers violated the Eighth Amendment by inflicting minor injuries on him as they dragged him during his seizure. He also complains their actions were not an appropriate medical response to his seizure. He did not name these two corrections officers in his amended complaint, but explains he did not know their identity. He asks us to remand the case to allow him to amend his complaint to include the two officers.[3] Second, he argues the district judge erred in denying as premature his motion for an evidentiary hearing to identify the unknown corrections officers who dragged him during his seizure.

Where, as here, a district court dismisses an indigent litigant's complaint as frivolous—meaning it "lacks an arguable basis . . . in law or fact," *Nietzke v. Williams*,

---

[3] Richardson also briefly complains of his medical treatment of his seizures. The consulting neurologist allegedly prescribed 500 milligrams of Depakote daily, but his treating physician has allegedly refused to provide this medication. Instead, the treating physician continued Richardson's existing medicine, even though this medicine failed to prevent two prior seizures. Since his complaint did not raise this issue to the district court, we decline to consider it. *See, e.g., Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir. 1991).

490 U.S. 319, 325 (1989)—we review the decision for abuse of discretion. *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Moreover, although we liberally construe the pleadings of pro se litigants, we do not and cannot serve as the pro se litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Eighth Amendment "'prohibits the infliction of cruel and unusual punishments on those convicted of crimes.'" *Perkins v. Kan. Dep't of Corrs*., 165 F.3d 803, 809 (10th Cir. 1999) (quoting *Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991)). To succeed on an Eighth Amendment claim related to a prison's response to a prisoner's need for medical care, the prisoner must show prison officials have been "deliberately indifferent to [his] serious medical needs." *Perkins*, 165 F.3d at 811; *see Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). This standard applies regardless of "whether the indifference is manifested by prison [physicians] in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05. Under this standard, neither an accident during the delivery of care nor "an inadvertent failure to provide adequate medical care" violate the Eighth Amendment. *Id.* at 105.

Moreover, the test for deliberate indifference to medical needs "is both objective and subjective." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009); *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A claim is objectively cognizable when the resultant harm is "sufficiently serious" to constitute cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Martinez*, 563 F.3d at 1088; *Mata v. Saiz*, 427 F.3d

745, 751 (10th Cir. 2005). A claim is subjectively cognizable when prison officials "disregard the risk of harm claimed by the prisoner." *Martinez*, 563 F.3d at 1089.

Here, Richardson fails to allege facts sufficient to satisfy either component of the deliberate indifference standard. According to his complaint, he suffered only minor abrasions and skin breaks as a result of the dragging. He did not allege his seizure or seizure condition were exacerbated as a result. We agree with the district judge: these injuries are not sufficiently serious as to constitute cruel and unusual punishment.

In addition, the alleged facts do not demonstrate indifference to the risk of harm the seizure posed to him: corrections officers responded to his seizure, he received prompt medical attention and has been given medicine to treat seizures. The treating physician even sought a neurological consultation on his case.

If Richardson's allegations of unnecessary dragging are true, prison officials' behavior is "no cause for commendation." *See Farmer*, 511 U.S. at 838. Even so, they fail to state a cognizable Eighth Amendment claim. Accordingly, the judge did not abuse his discretion in dismissing Richardson's complaint or err in denying his request for an evidentiary hearing to determine the identity of the unknown corrections officers. Given this conclusion, it would be pointless to remand the case to allow him to again amend his complaint to allow him to name the unknown officers.

And, since neither the unknown corrections officers nor the responding medics violated the Eighth Amendment, there was no error in concluding none of the supervisors or grievance officers violated the Eighth Amendment. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (noting a civil rights plaintiff

- 5 -

must demonstrate, among other requirements, a supervisor's "personal involvement" in a constitutional violation).

Richardson's arguments are contrary to settled law; he makes no reasoned argument for modification of that law; and he fails to identify any particular error in the district judge's analysis.  We therefore conclude this appeal is frivolous.  We DISMISS it as required by 28 U.S.C. § 1915(e)(2)(B)(i).  We IMPOSE a strike under 28 U.S.C. § 1915(g).  Coupled with the district court's dismissal, he now has two strikes associated with this case.  *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").  We also DENY his motion to proceed without prepayment of costs and fees and remind him of his obligation to pay the filing and docket fees in full.  *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).  Finally, given the lack of merit to his appeal, we DENY his motion for appointment of counsel.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 6 -