**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 6, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

PATRICK M. ZIMMER,

　　Plaintiff - Appellant,

v.

GORDON P. GALLAGHER, Magistrate
Judge,

　　Defendant - Appellee.

Nos. 22-1270, 22-1271, 22-1272, 22-1273,
22-1274, 22-1275
(D.C. Nos. 1:22-CV-02013-LTB,
1:22-CV-02018-LTB, 1:22-CV-02019-
LTB, 1:22-CV-02022-LTB, 1:22-CV-
02021-LTB, 1:22-CV-02016-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **KELLY**, and **ROSSMAN**, Circuit Judges.

_____

Patrick M. Zimmer, proceeding pro se, appeals the district court's summary

dismissals of his six nearly identical complaints on the grounds they were frivolous,

malicious, and abusive.  *See* 28 U.S.C. § 1915(e)(2)(b)(i).  Exercising jurisdiction

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the appellant's request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

under 28 U.S.C. § 1291, we affirm and dismiss the appeals as frivolous. We deny his request to proceed *in forma pauperis* (*"ifp"*) on appeal.[1]

## I.  BACKGROUND

Mr. Zimmer filed six civil actions against Magistrate Judge Gallagher, each (1) alleging that Magistrate Judge Gallagher's actions and orders in a separate case violated his rights under the Fourteenth Amendment, and (2) seeking five million dollars in damages.

The district court summarily dismissed the cases, stating they "appear to be nothing more than an attempt to manipulate the assignment of judges in Plaintiff's cases" and "are malicious and abusive for that reason." ROA at 9-11. It further stated that sovereign immunity bars a claim asserted against a federal officer in his official capacity, and absolute immunity bars suits seeking money damages against judges exercising their judicial discretion.

Mr. Zimmer filed a notice of appeal. The district court denied leave to appeal *ifp* under 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith," as the district court did here.

---

[1] Because Mr. Zimmer appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## II. DISCUSSION

We review the district court's dismissal of claims as frivolous under 28 U.S.C. § 1915(e)(2)(b)(i) for abuse of discretion. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). If the frivolousness determination turns on an issue of law, our review is de novo. *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003).

Mr. Zimmer argues that under *Harper v. McDonald*, 679 F.2d 955 (D.C. Cir. 1982), cases brought under the constitutional amendments are not frivolous. Aplt. Br. at 2. Beyond stating that oral argument will not be necessary, he leaves the rest of the pro se appeal brief form blank. *Id.* at 3-4.

The district court did not abuse its discretion. When a plaintiff proceeds *ifp* before the district court, 28 U.S.C. § 1915 requires judges to dismiss the proceeding "at any time if the court determines" that it "is frivolous or malicious." 28 U.S.C. § 1915(e)(2). Rather than appeal the district court's unfavorable ruling in his separate case, Mr. Zimmer filed six suits against Magistrate Judge Gallagher. The district court did not abuse its discretion in concluding that these suits were "frivolous, malicious, and abusive." ROA at 9.

Mr. Zimmer's reliance on *Harper v. McDonald* is unavailing. In *Harper*, the D.C. Circuit explained that the district court possessed jurisdiction over claims made "directly under the Constitution" when, unlike Mr. Zimmer's claims here, they were neither "wholly insubstantial nor frivolous." 679 F.2d at 956 (quotations omitted).

Because Mr. Zimmer lists no other issues on these appeals, any other arguments he made before the district court are waived. *See Burke v. Regalado*, 935

F.3d 960, 995 (10th Cir. 2019) ("The failure to raise an issue in an opening brief waives that issue." (quotations omitted)).  And even if Mr. Zimmer had properly presented other arguments in this appeal, we agree with the district court that sovereign immunity and absolute immunity shield Magistrate Judge Gallagher from suit.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

## III. **CONCLUSION**

We affirm the district court's dismissal of the six actions as frivolous, dismiss these appeals as frivolous, and assess a strike against Mr. Zimmer under the Prisoner Litigation Reform Act.  *See* 42 U.S.C. § 1997(e).[2]  Because Mr. Zimmer fails to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in his action," *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005), we deny his motion for leave to proceed *ifp* on appeal.  Mr. Zimmer is obligated to pay the filing fee in full for each of his appeals.[3]

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[2] Because Mr. Zimmer has accrued more than three strikes, he may no longer proceed *ifp* in any civil action filed in federal court unless he is in imminent danger of physical injury.  28 U.S.C. § 1915(g); *see also Thompson v. Gibson*, 289 F.3d 1218, 1222-23 (10th Cir. 2002).

[3] Mr. Zimmer's Notice, filed on November 28, 2022, does not raise meritorious arguments or alter this disposition.