FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**April 11, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MICHAEL LYNN CASH,

    Plaintiff - Appellant,

v.

CITY OF DURANT; CHRIS CICIO;
TIMOTHY MCEACHERN; BRYAN
COUNTY BOARD OF COUNTY
COMMISIONERS; UNKNOWN
OFFICERS, Durant Police Department;
UNKNOWN OFFICERS, Bryan County
Sheriff's Department,

    Defendants - Appellees.

No. 23-7033
(D.C. No. 6:22-CV-00009-JFH-JAR)
(E.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Michael Lynn Cash filed a pro se complaint asserting claims under 42 U.S.C.

§ 1983.  The district dismissed the complaint for failure to state a claim.  He now

appeals.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.     **Background**

Cash filed his complaint in January 2022.  In Claims 1 through 3, he alleged

that he was subjected to excessive force during a traffic stop in 2011.  In Claim 4, he

alleged that evidence tampering led to his wrongful conviction on federal charges

stemming from contraband discovered in his car during the traffic stop.[1]

On April 5, 2023, the City of Durant and Chris Cicio (hereafter, Defendants)

moved to dismiss Cash's complaint for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6).[2]  Defendants argued that Claims 1 through 3 were barred

by the applicable two-year statute of limitations and that Claim 4 was barred by *Heck*

*v. Humphrey*, 512 U.S. 477 (1994).  The district court referred the case to a

magistrate judge the following day.

A.     **Report and Recommendation**

On April 10, 2023, the magistrate judge issued a Report and Recommendation

(R&R) to dismiss Cash's action with prejudice.  The R&R reviewed the complaint

under both Rule 12(b)(6) and 28 U.S.C. § 1915.  The magistrate judge cited *Aldrich*

*v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980), for the

propositions that (1) claims can be dismissed under Rule 12(b)(6) if it is clear from

---

[1] Cash was convicted by a jury of possession with intent to distribute
methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); of
possession of a firearm in furtherance of a drug trafficking crime, in violation of
18 U.S.C. § 924(c)(1)(A); and of being a felon in possession of a firearm, in violation
of 18 U.S.C. §§ 922(g)(1) and 924(e).  *See United States v. Cash*, 733 F.3d 1264,
1267 (10th Cir. 2013).

[2] The remainder of the named defendants had not been served.

2

the face of the complaint that they are untimely and (2) a plaintiff has the burden to establish a factual basis for tolling the statute of limitations.

Cash's Claims 1 through 3, which he filed in 2022, alleged excessive force during a traffic stop in 2011. Cash alleged in the complaint that these claims were timely because the head injury he sustained during the traffic stop caused him to suffer memory loss. The magistrate judge construed this allegation as seeking to equitably toll Oklahoma's two-year statute of limitations based on a legal disability, which includes plaintiffs who are minors or whose competency is impaired. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004).

The R&R cited *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989), as allowing a court to pierce the veil of a complaint's factual allegations when reviewing claims under § 1915. The magistrate judge concluded that Cash's memory-loss allegation was not credible. A decade earlier, Cash had moved in his criminal case to suppress statements he made to a police officer during the traffic stop. He testified at a hearing in 2012 that, after he was hit in the head, he could not remember anything that happened until he reached the jail's booking area. The magistrate judge concluded:

> Plaintiff's current claim of memory loss in support of tolling the statute of limitations simply has no factual basis. Nearly ten (10) years ago, both the trial court and the 10th Circuit Court of Appeals, found no merit in Plaintiff's arguments regarding memory loss in support of suppressing his statements. Today, this Court finds no merit in that same argument being used in an attempt to toll the statute of limitations.

R. at 60.  The magistrate judge also pointed to two civil actions Cash filed during the period of his alleged memory loss, each of which he litigated for a number of years, and concluded that "Plaintiff's previous litigation in two federal lawsuits, in which he represented himself pro-se, clearly demonstrates he is more than able to conduct his own business affairs over time and is sufficiently competent to render him ineligible for 'legal disability' tolling."  *Id.*

The R&R also acknowledged the second basis for tolling under Oklahoma law, the "discovery rule," which "tolls the statute of limitations until an injured party knows of, or *in the exercise of reasonable diligence*, should have known of or discovered the injury, and resulting cause of action."  *Alexander*, 382 F.3d at 1217 (internal quotation marks omitted).  The magistrate judge noted this exception applies when "defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights."  *Id.* (internal quotation marks omitted).  But the magistrate judge did not construe Cash's memory-loss allegation in his complaint as asserting this basis for tolling.

The R&R next addressed Cash's Claim 4, in which he sought damages based upon the allegation that he was wrongfully convicted on the federal charges stemming from the 2011 traffic stop.  The magistrate judge concluded this claim was barred by *Heck* because Cash's conviction had not already been invalidated and a judgment in his favor would necessarily imply the invalidity of his conviction.  *See* 512 U.S. at 487.

4

Concluding that amendment would be futile, the magistrate judge recommended dismissal with prejudice of Cash's action against all defendants. The R&R advised Cash of the fourteen-day deadline to file objections and the consequences of failing to do so. *See* R. at 64.

## B. Subsequent Filings in District Court

After the magistrate judge issued the R&R on April 10, 2023, Cash moved to stay the action because he was being transferred to a different prison. The district court denied Cash's motion. On April 28, Defendants notified the district court that Cash had not received service by mail of their motion to dismiss. Cash did not file a response to Defendants' motion, nor did he file objections to the R&R.

On May 2, after neither party had filed objections during the fourteen-day period, the district court entered an order summarily adopting the R&R. The court stated that "[t]he apparent failure to serve [the motion to dismiss] has no bearing on the Court's acceptance of the Magistrate Judge's Report and Recommendation, as a copy of the Report and Recommendation was properly served on Plaintiff and Plaintiff had an opportunity to object." R. at 65 n.1. The district court entered judgment dismissing Cash's action with prejudice. Later that same day, the court docketed a notice that the R&R mailed to Cash had been returned as undelivered.

On May 15, Cash signed a notice of change of address and a notice of appeal, both of which were docketed in the district court on May 23.

## II.    Firm Waiver

"This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). This rule is subject to certain exceptions. *See id.* This court ordered Cash to show cause why he had not waived his right to appeal by failing to file timely objections to the R&R. Cash filed a response, and the parties have addressed this issue further in their briefs. Cash argues he did not receive the R&R. Defendants argue that Cash has not invoked an exception to the firm waiver rule; under federal and local civil rules, when the R&R was mailed by the district court to Cash's last known address, service was complete and the R&R was deemed delivered; Cash bears some responsibility for failing to receive the R&R; and Cash does not demonstrate plain error. Without deciding whether Cash's failure to file objections to the R&R resulted in a waiver, we exercise our discretion to overlook any waiver and reach the merits of Cash's appeal arguments. *See United States v. Walker*, 918 F.3d 1134, 1153 (10th Cir. 2019) ("[W]hether issues should be deemed waived is a matter of discretion."); *Engberg v. Wyoming*, 265 F.3d 1109, 1119 (10th Cir. 2001) (declining to decide whether the firm waiver rule applied because "the claims are barred in any event").

6

### III.    Merits[3]

We review de novo the dismissal of a complaint for failure to state a claim under § 1915 and Rule 12(b)(6).  *See Conkle v. Potter*, 352 F.3d 1333, 1335 (10th Cir. 2003).  "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."  *See Aldrich*, 627 F.2d at 1041 n.4.  In such a case, a statute of limitations question may be resolved on a Rule 12(b)(6) motion.  *See id.*  In screening a complaint under § 1915, a district court has "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2020) (internal quotation marks omitted).  We liberally construe Cash's pro se filings in deciding this appeal, but we do not act as his advocate.  *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Cash elaborates on his memory-loss tolling theory in his appellate filings.  He claims that he recently remembered that, during the traffic stop in 2011, he was ordered at gunpoint not to move and he followed that order.  He contends that he

---

[3] Cash does not raise any challenge to the district court's dismissal of his Claim 4 as barred by *Heck*.  *See* Aplt. Opening Br. at 4 (stating that he "understands the 'Heck' bar" and acknowledging his conviction has not been set aside).  We therefore address only the district court's dismissal of Claims 1 through 3 as untimely.

7

filed his excessive-force claims within two years of recovering his memory that he did not resist arrest and that he was beaten for no reason.

As to the R&R's reasoning in denying tolling, Cash argues that the issue in his criminal case was whether his statement during the traffic stop was coerced, rather than whether his memory was affected. But we did consider the effects of Cash's alleged injury. *See United States v. Cash*, 733 F.3d 1264, 1282 & n.14 (10th Cir. 2013) (citing an officer's testimony that Cash did not appear injured or confused and noting Cash did not file an excessive-force claim or seek medical attention after his arrest). And we were not persuaded that Cash's statement was involuntary based on the limited evidence of his memory loss. *See id.* at 1282. More to the point, Cash admitted in his opening brief in his criminal appeal that he had resisted arrest. *See* Aplt. Opening Br. at 3, 13, *United States v. Cash*, Nos. 12-7072 & 12-7079 (10th Cir. Mar. 15, 2013). And although Cash claims to have only recently remembered being ordered not to move, this court described an officer giving Cash that order, and then ordering him to get out of the vehicle, in our decision affirming his conviction in 2013. *Cash*, 733 F.3d at 1269.

Cash further argues that his ability to litigate other pro se actions during the alleged period of memory loss says nothing about whether he suffered the memory disruption he claims. But his litigation activity in these other two lawsuits demonstrates that he has not suffered memory loss to the extent that he has been incapable of conducting his own business affairs, as is required for tolling based upon a legal disability. *See Alexander*, 382 F.3d at 1217.

8

Cash also argues that defendants engaged in misleading conduct by stating that he resisted arrest. We construe this contention as invoking the second basis for tolling on the ground that defendants engaged in misleading conduct that lulled Cash into sitting on his rights. *See id.* But this argument also fails based on the R&R's conclusion that Cash's memory-loss allegation is not credible.

Cash does not demonstrate that the district court abused its discretion in concluding he was not entitled to equitable tolling on Claims 1 through 3.

## IV.    Conclusion

We affirm the district court's judgment. We grant Cash's motion to proceed on appeal without prepayment of fees and costs and his motion to file a supplemental reply brief out of time.

Entered for the Court

Nancy L. Moritz
Circuit Judge