**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**December 2, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

YU HIN CHAN,

      Plaintiff - Appellant,

v.

RE/MAX, LLC; W. ERIK CARLSON;
JOY F. CAMPANELLI; ROWAN D.
WILSON; HECTOR LASALLE;
GENINE D. EDWARDS; HUGO
SALAZAR; RAYMOND CHAN;
VERANA SANDERS; NEW YORK
CITY BOARD OF ELECTIONS;
COLORADO DEPARTMENT OF
REGULATORY AGENCIES
DIVISION OF REAL ESTATE; NYS
DEPARTMENT OF STATE
DIVISION OF LICENSING
SERVICES,

      Defendants - Appellees.

_____

YU HIN CHAN,

      Plaintiff - Appellant,

v.

RE/MAX; KEVIN C.
MCCLANAHAN; KAREN MAY
BACDAYAN; SHANTONU BASU;
CARMEN A. PACHECO; DAWN
HILL-KEARSE,

      Defendants - Appellees.

_____

No. 25-1297
(D.C. No. 1:25-CV-01767-LTB)
(D. Colo.)

No. 25-2106
(D.C. No. 1:25-CV-00776-KWR-LF)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

_____

Yu Hin Chan, proceeding pro se, appeals two district courts' dismissals without prejudice of Chan's civil-conspiracy complaints. Chan also requests leave to proceed in forma pauperis.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissals and deny the in forma pauperis requests.

## BACKGROUND

In June 2025, Chan sued Chan's landlord; Re/Max, the real-estate company; the CEO of Re/Max; and multiple state officials and agencies in Colorado and New York. The complaint, filed in the District of Colorado, alleged a conspiracy among the defendants to defame Chan, including in court documents, and to hold Chan in contempt of court. Chan sought $1 billion in damages, a declaration that the defendants had violated Chan's constitutional rights, and injunctive relief against some defendants to compel them to

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value, consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

investigate the others. Chan asserted that the district court "ha[d] jurisdiction over th[e] action pursuant to" 42 U.S.C. § 1983. No. 25-1297, App. vol. I at 5.

In August 2025, Chan sued again, this time in the District of New Mexico. The second complaint named Re/Max and five individuals of unstated affiliation. The complaint alleged that the defendants "conspired together in forging the record that [Chan] filed an Answer to a Court case but truth being [Chan] never did." No. 25-2106, App. vol. I at 3. Chan again sought $1 billion in damages. And Chan asserted that the district court "ha[d] jurisdiction under the RICO Act." *Id.*

Both courts ordered Chan to show cause why they shouldn't dismiss the complaints for defects like improper venue, failure to use court-approved forms, and failure to state a claim. But Chan never showed cause, cured the defects, or otherwise responded to either court. So each court dismissed Chan's complaint and entered judgment for the defendants.

Chan timely appealed both judgments. Chan's appeal from the District of Colorado argues that the court erred by dismissing for improper venue despite several defendants residing in Denver. Chan also reiterates that the court "obtained its jurisdiction pursuant to" 42 U.S.C. § 1983. No. 25-1297, Chan's Op. Br. at 2. Chan's appeal from the District of New Mexico argues that the court erred in dismissing because 42 U.S.C. § 1983 "does not bar a federal court from intervention." No. 25-2106, Chan's Op. Br. at 2; *see also id.* at 3

3

(stating that the "[l]ower court erred in dismissal" and citing § 1983); *id.* at 4 (similar).

## STANDARD OF REVIEW

When a litigant proceeds pro se, we construe their pleadings liberally and hold the pleadings "to a less stringent standard than formal pleadings drafted by lawyers." *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023) (citation omitted). Though "we do not act as [the litigant's] advocate, if we can reasonably read the pleadings to state a valid claim on which [the litigant] could prevail," we do so despite the litigant's "failure to cite proper legal authority," "confusion of various legal theories," or "unfamiliarity with pleading requirements." *Id.* (citation modified).

We review for abuse of discretion a district court's dismissal for failure to follow a court order. *Conkle v. Potter*, 352 F.3d 1333, 1337 (10th Cir. 2003). A court abuses its discretion whenever its ruling rests on "an error of law or a clearly erroneous finding of fact," or when the ruling "manifests a clear error in judgment." *United States v. Clay*, 148 F.4th 1181, 1190 (10th Cir. 2025) (citation omitted).

## DISCUSSION

I.   **The district courts did not abuse their discretion by dismissing Chan's complaints.**

A district court can dismiss an action sua sponte if the plaintiff fails to comply with a court order. *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir.

2009) (citation modified); *see generally* Fed. R. Civ. P. 41(b); *Olson v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

That's precisely what happened here. Both district courts ordered Chan to show cause why the complaints shouldn't be dismissed. But Chan didn't show cause, fix the defects in the pleadings, or otherwise respond to either court. So the courts dismissed the complaints without prejudice.

Dismissal was within the courts' authority and appropriate under the circumstances. *See Davis*, 571 F.3d at 1060. Thus, it was not an abuse of discretion. *See Clay*, 148 F.4th at 1190.

## II.    **Chan may not proceed in forma pauperis.**

To proceed in forma pauperis, a litigant "must comply with the filing requirements," show "a financial inability to pay the required filing fees," and point to "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (citation modified).

Chan has not pointed to a reasoned, nonfrivolous argument in support of the issues on appeal. An appellant's first task "is to explain . . . why the district court's decision was wrong." *Nixon v. City & Cnty. of Denv.*, 784 F.3d 1364, 1366 (10th Cir. 2015). But the District of Colorado brief contains two sentences of reasoning. The District of New Mexico brief contains just one, repeated three times. And neither brief addresses the primary ground for dismissal: Chan's failure to respond to the show-cause orders.

5

We also reject Chan's arguments on their own terms. That some defendants allegedly reside in Denver does not necessarily mean venue lies in the District of Colorado. *See* 28 U.S.C. § 1391(b)(1) (laying venue in "a judicial district in which any defendant resides, if *all* defendants are residents of the State in which the district is located" (emphasis added)). And though Chan is correct that federal courts ordinarily have subject-matter jurisdiction over 42 U.S.C. § 1983 claims, *see* 28 U.S.C. § 1331, subject-matter jurisdiction is not the same as venue, *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006); *see also* Fed. R. Civ. P. 12(b)(1), (3). Nor is it the same as stating a claim under Federal Rule of Civil Procedure 8(a)(2). *See* Fed. R. Civ. P. 12(b)(3), (6); *see generally Ashcroft v. Iqbal*, 556 U.S. 662, 677–87 (2009).

Arguments like these do not merit in forma pauperis status. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining that, for in forma pauperis purposes, a claim is frivolous when "it lacks an arguable basis either in law or in fact"). So we do not grant that status here.

### CONCLUSION

We affirm the district courts' dismissals and deny Chan's requests to proceed in forma pauperis.

Entered for the Court


Gregory A. Phillips
Circuit Judge


6